UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| BARBARA STOVER, | |
|---|---|
| Plaintiff, | Civ. No. 13-119 (WJM) |
| v. | |
| FREEDOM HEALTH CARE, | OPINION |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Freedom Home Healthcare Inc.'s[1] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[2]**

*Pro se* Plaintiff Barbara Stover asserts that she is an at-home health-aid who worked for Defendant. In her-one page pleading, Plaintiff claims that on May 2, 2012, she began experiencing excruciating pain during the course of her shift, and requested that Defendant send another at-home health-aid to replace her so that she could seek medical help. Plaintiff asserts that because Defendant failed to send a

---

[1] Plaintiff incorrectly pled Defendant as Freedom Health Care.
[2] As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.

1

replacement in a timely manner, Plaintiff's "condition worsened which resulted in [her] hospitalization" and additional mental anguish. Compl 1, ECF No. 1.

In response, Defendant filed the present motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim

has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

In this case, Plaintiff's one-page pleading fails to satisfy this required threshold showing that she has stated a claim for relief that is "plausible on its face." And because Plaintiff's factual allegations standing alone are insufficient for her pleading to survive Rule 12(b)(6) dismissal, Defendant's motion to dismiss will be **GRANTED**.

### III. CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(6) motion is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

        /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 3, 2013**